UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cr-00291-MOC-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| RUDOLPH CARRYL, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion to Dismiss Due to Improper Venue and the government's Motion to Dismiss Count Eight. Having considered those motions, defendant's motion will be denied, and the government's motion allowed for the reasons that follow.

## FINDINGS AND CONCLUSIONS

### I. Background

Defendant is charged in the Bill of Indictment with one count of securities fraud (Count 1), six counts of wire fraud (Counts 2 through 7), and two counts of transactional money laundering (Counts 8 and 9). Further, the Indictment alleges that defendant committed some of those violations while on release under the *Bail Reform Act*, a violation of Title 18, United States Code, Section 3147. According to the speaking indictment, the alleged fraud occurred between 2015 and 2017, and targeted two North Carolina couples.

Concerning venue, the charging instrument asserts venue in the Western District of North Carolina, see Indictment at ¶¶ 6, 9, 14, 18, 20, 22, 25, & 28, and alleges that victims W.B. and his wife A.B. were residents of Davidson, North Carolina, which is within the Western District of

1

North Carolina. Further, the Indictment alleges that defendant communicated false information to W.B. within this District both over the phone and via electronic communications and caused W.B. to send electronic communications to defendant from this District. Id. at ¶¶ 7, 9, 13, 14, 15, 16, 18 & 20. Defendant also caused W.B. to send Defendant via wire transfer $350,000 from this District to Defendant in New York. Id. at ¶¶ 6 & 25. After receiving W.B.'s (and victim M.G.'s) money, it is alleged that defendant did not use it as promised, but instead used it to pay unrelated personal and other expenses, including the transaction constituting the transactional money laundering charged in Count Nine. Id. at ¶ 10.

## II. Venue Standard

A federal criminal defendant is entitled to be tried in the federal district where the alleged crime was committed. U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI; Fed.R.Crim.P. 18. Determining proper venue protects the accused "from the inconvenience and prejudice of prosecution in a far-flung district bearing no connection to their [alleged] offenses." United States v. Smith, 452 F.3d 323, 334 (4th Cir. 2006). Venue "is not a substantive element of a crime," United States v. Griley, 814 F.2d 967, 973 (4th Cir.1987), but instead "is similar in nature to a jurisdictional element," United States v. Johnson, 510 F.3d 521, 527 (4th Cir. 2007).

Typically, the question of venue is one for the jury, but need only be proven by a preponderance of the evidence. United States v. Burns, 990 F.2d 1426, 1436 (4th Cir. 1993). However, a defendant, as defendant has herein done, must challenge venue in advance of trial if the asserted venue defect is apparent on the face of the indictment. United States v. Collins, 372 F.3d 629, 633 (4th Cir. 2004). When a motion to dismiss for improper venue is a pretrial motion under Rule 12, "only the indictment may be considered. Evidence beyond the face of the

indictment should not be considered." United States v. Engle, 676 F.3d 405, 415 & n.6 (4th Cir. 2012) (quoting United States v. Forrest, 182. F.3d 910 (4th Cir. 1999) (per curiam)).

**III. Discussio**n

After considering the arguments of defendant and the government, the Court finds that venue lies as to each remaining count. United States v. Bowens, 224 F.3d 302, 308 (4th Cir. 2000). When the essential elements of conduct as to each element are compared to the allegations of the Indictment, it is readily apparent that defendant committed acts in the Western District of North Carolina that furthered the crimes charged.

As to Count One, venue for the securities fraud scheme charged in Count One is proper "in the district wherein any act or transaction constituting the violation occurred." 15 U.S.C. § 78aa. In United States v. Johnson, 510 F.3d 521 (4th Cir. 2007), the appellate court found venue proper in the district where defendant caused an electronic communication to be sent. Id. at 525. The Indictment fully satisfies this requirement as it is alleged that defendant personally sent electronic communications and phone calls into this District *and* caused electronic communication, phone calls, and wire transfers to be sent from this District. Venue is properly laid in this District.

As to Counts Two through Seven, which are counts for wire fraud, the Indictment is replete with supporting acts that allegedly occurred in this District. The victims of the alleged wire fraud were located in this District and defendant allegedly contacted the victims in this District on multiple occasions via electronic communications and other means in furtherance of the alleged offense. United States v. Jefferson, 674 F.3d 332, 369 (4th Cir. 2012) (wire fraud could have been prosecuted in district where phone call was made or received). Venue is properly laid in this District.

As to Count Nine, the money laundering charge, defendant has erred in his argument that a Supreme Court decision mandates dismissal. Specifically, while United States v. Cabrales, 524 U.S. 1 (1998) interprets the general venue provisions of 18 U.S.C. § 3237(a), that provision applies "[e]xcept as otherwise expressly provided by enactment of Congress." 18 U.S.C. §3237(a). Congress, in response to Cabrales, so expressly provided by amending the money laundering statutes to include broader venue provisions in Section 1956(i), as follows:

> a prosecution for an offense under … section 1957 may be brought in— (B) any district where a prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted. … (3) For purposes of this section, a transfer of funds from 1 place to another, by wire or any other means, shall constitute a single, continuing transaction. Any person who conducts (as that term is defined in subsection (c)(2)) any portion of the transaction may be charged in any district in which the transaction takes place.

18 U.S.C. § 1956(i). Section 1956(i) now expressly provides for venue over Section 1957 charges in any district where the underlying specified unlawful activity could be prosecuted if, as is the case as alleged here, the defendant participated in any way in transferring the funds out of that district. Thus, venue is properly laid in this district on Count Nine. United States v. Sanchez, 2018 WL 4760844, at *3 & n.1 (W.D.N.C. Oct. 2, 2018).[1]

---

[1] The Court also concludes that the Indictment clearly alleges transactional money laundering in violation of 18 U.S.C. § 1957, not international promotional money laundering without regard to proceeds, which forecloses defendant's additional venue argument concerning proceeds.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss Due to Improper Venue (#27) is **DENIED** and the government's Motion to Dismiss Count Eight of the Bill of Indictment (#30) is **GRANTED**, and Count Eight is **DISMISSED**.

Signed: March 12, 2019

Max O. Cogburn Jr.
United States District Judge